DECISION
Defendant-appellant, Tressa L. Lawler, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which adopted the investigatory report of the Franklin County Child Support Enforcement Agency ("FCCSEA") establishing child support for the sole remaining minor child of the parties. Because defendant's three assigned errors are unpersuasive, we affirm.
On July 23, 1997, plaintiff-appellee, Thomas W. Lawler, filed a complaint seeking a divorce from defendant. Defendant responded with an answer and counterclaim, to which plaintiff replied. On May 7, 1998, the parties entered into an Agreed Judgment Entry — Decree of Divorce which, as pertinent here, states:
 It is further ORDERED that the plaintiff shall pay to the defendant, as and for child support, the sum of $387.66 per child, per month, for a total of $775.32, plus processing charge of $15.51, for a total of $790.83 per month effective May 1, 1998 payable through the Franklin County Child Support Enforcement Agency pursuant to payroll deduction.
According to the Agreed Entry, child support was to continue until the child reached the age of eighteen unless, on his or her eighteenth birthday, the child was still enrolled in and attending full-time an accredited high school, in which event the obligation to pay child support was to continue until the child either graduated from school or no longer was attending on a full-time basis.
On June 9, 1998, defendant filed a Civ.R. 60(B) motion, seeking relief from the Agreed Judgment Entry — Decree of Divorce. Specifically, defendant stated that certain provisions in that document needed to be modified. Although part of the dispute concerned the proper format of a Qualified Domestic Relations Order, defendant also contended the child support provisions needed to be modified (1) to provide that the older of the two minor children had graduated from high school, and (2) to set child support for the remaining minor child in the amount of $535 per month.
Shortly after defendant filed her Civ.R. 60(B) motion, the FCCSEA conducted an investigation pursuant to R.C.3113.21(G)(4)(a). The findings and recommendations from that investigation were filed June 30, 1998, and indicate that the child support obligation for the older of the two children in the amount of $387.66 per month shall terminate effective the date of his graduation from high school, June 4, 1998. In addition, after addressing an arrearage, the findings and recommendations indicate that, pursuant to the current court order, child support for the remaining minor child shall continue at $387.66 per month. At the bottom of the findings and recommendations is a notice which states:
IMPORTANT: 14 (FOURTEEN) DAY OBJECTION TIME
 THE COURT WILL PROCEED TO TAKE THE ABOVE RECOMMENDED ACTION UNLESS YOU OBJECT. IF YOU OBJECT TO THE ABOVE INVESTIGATION RESULTS, THE COURT REQUIRES YOU TO RESPOND WITHIN FOURTEEN (14) DAYS OF THE FILING DATE STAMPED ON THIS NOTICE BY THE CLERK OF COURT. A "NOTICE OF OBJECTION TO CSEA INVESTIGATION" FORM IS ENCLOSED FOR YOU TO USE WHEN OBJECTING.
Although the parties were served with the findings and recommendations of FCCSEA, no objections were filed. On July 21, 1998, the court adopted the findings and established child support for the remaining minor child at $387.66 per month.
Defendant appealed that decision, but by virtue of an order from this court, briefing continued on defendant's Civ.R. 60(B) motion. The trial court on September 29, 1998, overruled defendant's motion regarding a modification of child support, finding a Civ.R. 60(B) motion was not an appropriate vehicle to accomplish that end.
Resuming her appeal from the order establishing child support for the remaining minor child at $387.66, defendant assigns the following errors:
 I. THE ORDER OF THE LOWER COURT RECALCULATING CHILD SUPPORT WAS ISSUED IN ERROR AND IS CONTRARY TO THE STATUTORY CHILD SUPPORT GUIDELINES.
 II. THE CHILD SUPPORT AGENCY ERRED IN NOT USING THE STATUTORY GUIDELINES IN RECALCULATING CHILD SUPPORT.
 III. THE TRIAL COURT ERRED IN NOT USING THE STATUTORY GUIDELINES TO CALCULATE CHILD SUPPORT AND IN NOT ISSUING FINDINGS OF FACT FOR A DEVIATION FROM CHILD SUPPORT GUIDELINES.
Because defendant's assigned errors are interrelated, we address them jointly. Together they assert the trial court erred in not using the child support guidelines to recalculate plaintiff's child support obligation to defendant for the remaining minor child. Defendant contends that had the court recalculated child support under the child support guidelines, it would have ordered plaintiff to pay defendant in excess of $500 in child support.
As defendant correctly notes, R.C. 3113.21(G)(4)(a) provides for FCCSEA's investigation to determine if any "reason exists for the support order to terminate. * * * If the agency determines the order should terminate, it immediately shall notify the court that issued the support order of the reason for which the support order should terminate." Pursuant to R.C.3113.21(G)(4)(b), on receiving the notice given under R.C.3113.21(G)(4)(a), the court, among other things, "shall set the case for a hearing for a determination of whether the support order should be terminated or modified or whether the court should take any other appropriate action."
Here, defendant agrees that the support order should terminate as to the parties' older child. She, however, maintains that the trial court was required to set the matter for a termination hearing, at which time she could request that child support be modified to bring it into compliance with the amount of support the Child Support Guidelines specify for their one remaining minor child. See State ex rel. Mandich v. Mandich (Aug. 20, 1997), Medina App. No. 2622-M, unreported.
Mandich, however, relied on R.C. 3113.215(B)(1) for its conclusion that in any action where a child support order is issued or modified, the court is required to recalculate under the Child Support Guidelines the correct amount of support for the remaining minor child. R.C. 3113.215(B)(1), by its terms, does not apply to action taken under R.C. 3113.21, as here. Instead, former Ohio Adm. Code 5101:30-613(B) is instructive, and provides:
 * * * If termination is requested for one or more children due to emancipation or other reasons, and other children remain on the order, the order is eligible for a review for adjustment upon the request from either parent of the CSEA in assigned cases.
Here, neither defendant nor plaintiff requested adjustment of the remaining child support. Nor can defendant assert she was unaware of the need to request adjustment, as FCCSEA's investigation report specifically advised the parties of the need to object to the investigation results. While the reason defendant did not object is not in the record, defendant's failure to object may have arisen from her agreement the prior month to the child support order, which FCCSEA applied in setting child support for the parties' minor child at $387.66, plus processing charges.
Given defendant's failure to comply with the provisions of Ohio Adm. Code 5105:1-30-613, despite notice from FCCSEA of her obligation to do so, we find it difficult to conclude the trial court erred in adopting the investigation results in FCCSEA's findings and recommendations. Cf. Civ.R. 53.
We recognize that R.C. 3113.21(G)(4)(b) states that upon receiving notice the trial court shall set the case for a hearing. While the trial court failed to do so, the record does not demonstrate prejudice because the parties failed to preserve an issue for litigation through their neglecting to object to FCCSEA's findings and recommendations.
For the foregoing reasons, defendant's three assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.